Citation Nr: 1528188 
Decision Date: 06/30/15 Archive Date: 07/09/15

DOCKET NO. 13-03 913 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Detroit, Michigan


THE ISSUES

1. Entitlement to service connection for an acquired psychiatric disorder, including depression and posttraumatic stress disorder (PTSD). 

2. Entitlement to service connection for bilateral hearing loss. 

3. Entitlement to service connection for tinnitus. 

4. Entitlement to service connection for a back injury.


ATTORNEY FOR THE BOARD

J. Acosta, Associate Counsel



INTRODUCTION

The Veteran served on active duty from May 1977 to May 1980 and from November 1981 to January 1982.

This matter comes before the Board of Veterans' Appeals (Board) on appeal of a February and June 2012 rating decisions of the Detroit, Michigan Regional Office (RO) of the Department of Veterans Affairs (VA). 

This appeal returns to the Board from a January 13, 2014 remand. Unfortunately, upon review of the record, it was discovered that the Veteran had requested a local RO hearing. This request was never acted on, and thus, the Board has once again remanded the case without addressing whether the previous remand directives were accomplished.

The issues of entitlement to service connection for an acquired psychiatric disorder, including depression and PTSD, Entitlement to service connection for bilateral hearing loss, and Entitlement to service connection for a back injury are addressed in the REMAND portion of the decision below and are REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDING OF FACT

Tinnitus is etiologically related to acoustic trauma sustained in active service.


CONCLUSION OF LAW

Tinnitus was incurred in active service. 38 U.S.C.A. § 1131, 5107(b) (West 2014); 38 C.F.R. §§ 3.102, 3.303 (2014).



REASONS AND BASES FOR FINDING AND CONCLUSION

Service Connection - Tinnitus

The Veteran has asserted that he has tinnitus as a result of acoustic trauma sustained while in active service. Specifically, the Veteran has reported acoustic trauma in the form of explosions and gunfire. A review of the Veteran's service separation form shows while in active service the Veteran was awared Marksman Badges for both the M-16 rife and hand grenades. Therefore, the Board concedes the Veteran's exposure to acoustic trauma while in active service.
 
A review of the service medical records is silent for treatment for or a diagnosis of tinnitus while the Veteran was in active service. However, the Veteran has reported that he first experienced tinnitus while in active service and has continued to experience tinnitus since his separation from active service. 
 
The Veteran is competent to report when he first experienced tinnitus and that the symptoms have continued since service. Heuer v. Brown, 7 Vet. App. 379 (1995); Falzone v. Brown, 8 Vet. App. 398 (1995); Caldwell v. Derwinski, 1 Vet. App. 466 (1991). Moreover, the Board finds the Veteran to be credible.
 
The Board notes that lay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. In fact, competent medical evidence is not necessarily required when the determinative issue involves either medical etiology or a medical diagnosis. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007); Buchanan v. Nicholson, 451 F .3d 1331 (Fed. Cir. 2006). The Veteran is competent to identify tinnitus and his statements have been found credible. 
 
In sum, the Board has conceded acoustic trauma during active service. The Veteran has competently reported that he first experienced tinnitus while in active service and that he has continued to experience it since that time and those statements have been found credible by the Board.
 
Accordingly, the Board finds that the evidence for and against the claim of entitlement to service connection for tinnitus is at least in equipoise. Therefore, reasonable doubt must be resolved in favor of the Veteran and entitlement to service connection for tinnitus is warranted. 38 U.S.C.A. § 5107(b) (West 2014); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).


ORDER

Entitlement to service connection for tinnitus is granted.


REMAND

In review of the record, the Board has discovered that the Veteran submitted a request for a RO hearing in February 2013. It is evident from the June 7, 2013, Appeals checklist which indicated that no local hearing was requested that the AOJ did not act on this request. The Board thus finds that before any additional development can take place the Veteran should be scheduled for a local RO hearing. 

Accordingly, the case is REMANDED for the following action:

AOJ should schedule the Veteran for an RO hearing. All actions to provide the Veteran with his hearing should be fully documented in the claims file.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).
 
These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims (Court) for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014). 



______________________________________________
GAYLE E. STROMMEN
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs